UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GRADY ALLEN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-211 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS ACTION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

For the reasons stated herein, it is respectfully recommended that Plaintiff's claims against Defendants be dismissed with prejudice for failure to state a claim pursuant to 28

U.S.C. §§1915(e)(2), 1915A. It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined to the McConnell Unit (MCU) in Beeville, Texas.[1] Plaintiff filed his original complaint on May 11, 2015 and named the following ten individuals as Defendants: (1) William Stephens, TDCJ-CID Director; Huntsville; (2) Cobie Chavers, Office of the Inspector General (OIG), Huntsville; (3) Patricia Chapa, Region IV Assistant Director (Grievances); Beeville; (4) Emil Garza, Region IV, Assistant Director (Grievances) Beeville; (5) Gary L. Currie, MCU Senior Warden; (6) Kenneth Putnam, MCU Assistant Warden; (7) Candace R. Moore, MCU Law Librarian; (8) Oscar M. Rodriguez, MCU Grievance Investigator; (9) Lieutenant Jim Cardenas, MCU Internal Affairs Division; and (10) Vickie Barrow, MCU Program Manager, Offender Access to Courts. Plaintiff complained that he was being denied access to the courts and that the TDCJ grievance system was fundamentally flawed, and he sought

---

[1] Plaintiff is currently serving a 4-year sentence for possession of ten to fifty identification cards with intent to commit fraud. He has been in and out of the TDCJ since 1987 serving a variety of charges, including aggravated kidnapping (12 years), injury to a child (2 years), possession of anhydrous ammonia (2 years), possession of a controlled substance (3 years), assault of a public servant (3 years), unlawful possession of methamphetamine (270 days), and burglary of a building (210 days).

a preliminary injunction to enjoin Defendants from employing the grievance procedures as to him. (D.E. 1, 4, 5 ). Plaintiff also complained that, due to MCU staff shortages, he was being denied his one-hour of recreation a day, and also, on occasion, denied his prescribed Diet for Health (DFH). He is seeking $40,000 in damages allegedly caused by the MCU law librarian, Ms. Candace Moore, "hindering" his ability to pursue two civil actions which he claims are worth a total of $508,000. He also seeks an injunction against the TDCJ "Grievance Department" and asks that he be transferred from the TDCJ-CID to be protected from the prison administration. (D.E. 1, p. 6).

On June 4, 2015, a *Spears*[2] hearing was conducted. The following allegations were made in Plaintiff's original complaint (D. E. 1), exhibits thereto or at the *Spears* hearing.

Prior to his arrival at the MCU, Plaintiff had three lawsuits dismissed in the Northern District of Texas, Wichita Falls Division.[3] At the time Plaintiff arrived at the MCU in the fall of 2013, he had two additional lawsuits pending in the Northern District of Texas, Dallas Division. These two additional cases were pending at the time of the *Spears* hearing:

(1) *Davis v. Valdez, et al.,* No. 3:12-cv-2013-L-BN (N.D. Tex. filed June 25, 2012)(§ 1983 action that is now before the Fifth Circuit re-styled as *Davis v. Hernandez*, No. 14-10040 (5th Cir. 2014)); and

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[3] Those lawsuits were: (1) *Davis v. Dretke, et al.,* Case No. 7:05-cv-235-R (N.D. Tex. Apr. 23, 2008) (§1983 action denied on summary judgment); (2) *Davis v. Wathen, et al.,* Case No. 7:06-cv-051-R (N.D. Tex. May 17, 2006) (property claim dismissed without prejudice and §1983 claims dismissed with prejudice as frivolous); and.(3) *Davis v. Moneyham, et al.* Case No. 7:06-cv-088-R (N.D. Tex. Jun. 6, 2006) (property claims dismissed without prejudice and §1983 claims dismissed with prejudice as frivolous).

(2) *Davis v. Stephens,* No. 3:14-cv-02138-B-BF (N.D. Tex. filed June 2, 2014), a habeas corpus petition.

In the § 1983 action, *Davis v. Valdez,* the Dallas district court granted summary judgment in favor of the defendants on the issues of failure to exhaust and qualified immunity on November 25, 2013. *See Davis v. Valdez,* 3:12-cv-02013-L-BN, D.E. 60, 62, 63. On December 5, 2013, Plaintiff advised the Dallas court of his change of address to the MCU, and on January 9, 2014, Plaintiff filed his Notice of Appeal. *Davis v. Valdez at* D.E. 64, 65. On May 22, 2014, Plaintiff filed a request for an extension of time with the Fifth Circuit to file his appellate brief, and was granted an extension until July 9, 2014. *See Davis v. Hernandez,* No. 14-10040 (5th Cir. May 22, 2014)(Appellant's motion). Thereafter, on August 7, 2014, Appellees' filed their brief and record excerpts. On September 4, 2014, the Fifth Circuit noted "Briefing Complete," and cancelled a reply deadline for Plaintiff to file a reply to Appellees' brief. On January 13, 2015, the Fifth Circuit requested the Record on Appeal from the Dallas district court, and on January 20, 2015, the record was received. *See Davis v. Hernandez*, No. 14-10040 (5th Cir. 2014). To date, the Fifth Circuit has not ruled on Plaintiff's § 1983 appeal.

Plaintiff's habeas corpus action was filed on June 2, 2014 in the Dallas Division of the Northern District of Texas. *See Davis v. Stephens,* No. 3:14-cv-02138-B-BF (N.D. Tex. filed June 2, 2014). Plaintiff/Petitioner Davis challenged a November 1, 2013 disciplinary conviction for threatening to inflict harm on an Ellis unit officer in which he lost 200 days good time credits. *See Davis v. Stephens*, No. 3:14-cv-02138-B-BF at D.E. 1. Respondent filed his Answer and administrative record in August 2015, and on July 1, 2015, United

States Magistrate Judge Paul D. Stickney entered a recommendation that Plaintiff's petition be denied. *Davis v. Stephens*, No. 3:14-cv-02138-B-BF at D.E. 22. On July17, 2015, Plaintiff filed his objections to the recommendation. *Davis v. Stephens*, No. 3:14-cv-02138-B-BF at D.E. 23. United States District Judge Jane J. Boyle accepted the recommendation of the magistrate judge and denied Davis' petition for writ of habeas corpus. *Davis v. Stephens*, No. 3:14-cv-02138-B-BF at D.E. 24, 25.

Regarding the factual allegations of the instant lawsuit, Plaintiff filed at least twenty-four grievances complaining about his mail, indigent supplies, legal supplies, DFH, and denial of recreation due to staff shortages between October 11, 2013 and March 5, 2015. (*See* Plaintiff's exhibits, D.E. 1-1, 36-39 – D.E. 1-3, p. 13). Each of plaintiff's grievances was investigated and answered.

### III. LEGAL STANDARD,

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Eleventh Amendment immunity and official capacity claims.

Plaintiff states that he is suing the named Defendants in their official and individual capacities for monetary damages. He also seeks injunctive relief against the "grievance department" and requests that he be "removed" from the TDCJ to be protected from "the administration."

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing any named Defendant in his or her official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.

The Eleventh Amendment does not bar a plaintiff's claim for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 159 (1908) (establishing exception to Eleventh Amendment immunity in cases where the alleged constitutional violation is caused by a state official's actions or refusal to act within the authority of his or her office). However, as discussed below, Plaintiff has failed to allege any viable constitutional claim that would entitle him to prospective injunctive relief against a named Defendant. His requests for injunctive relief to "enjoin" the grievance department or to transfer him out of the TDCJ because he does like the manner in which his grievances are processed are frivolous, and it is respectfully recommended that Plaintiff's claims for injunctive relief against Defendants in their official capacities be dismissed with prejudice.

B. **Access to the courts.**

Plaintiff claims that Ms. Moore has denied him access to the courts by refusing him indigent supplies, opening his legal mail, and refusing to produce requested legal materials.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment

7 / 16

claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff testified that Ms. Moore interfered with his right of access to the courts. He complains that she returned mail to him for insufficient postage, and that she failed to provide him with indigent supplies when requested. (D.E. 1-1, pp. 36-39). He also complained that Ms. Moore opened and read his legal mail against his wishes on one occasion. (D.E. 1-2, pp. 4-7). He complained that at times, the law library staff refused to bring him the law books or materials he requested. (D.E.1-1, pp. 4-7).

Even assuming Plaintiff's allegations against Ms. Moore are true, he fails to state a cognizable claim against her or any other Defendant for denial of access to courts because

he fails to establish that he was prejudiced in any pending nonfrivolous litigation while housed at MCU. The dockets in both *Davis v. Valdez* and *Davis v. Stephens* refute any claim of prejudice as a consequence of Ms. Moore's or any other MCU employee's actions or inactions. In *Davis v. Valdez, et al.,* Plaintiff filed his § 1983 civil rights complaint on June 25, 2012, against the Dallas County Sheriff Lupe Valdez alleging excessive force during his arrest on January 13, 2012. *See Davis v. Valdez, et al.,* No. 3:12-cv-2013-L-BN (N.D. Tex. filed June 25, 2012)(D.E. 3). Two John Doe officers were substituted as the proper defendants and Sheriff Valdez dismissed. *Davis v. Valdez* at D.E. 13, 14. Plaintiff filed an amended complaint. *Davis v. Valdez* at D.E. 35. On April 30, 2013, the defendant officers filed a motion for summary judgment to dismiss for failure to exhaust administrative remedies. *Davis v. Valdez* at D.E. 45. The Dallas court granted Plaintiff leave to conduct discovery before responding to the motion, as well as an extension of time. *Davis v. Valdez* at D.E. 48, 54. On September 20, 2013, Plaintiff filed his response to the summary judgment motion. *Davis v. Valdez* at D.E. 56. On November 1, 2013, the magistrate judge recommended that Plaintiff's complaint be dismissed for failure to exhaust, and the district court adopted the recommendation and entered final judgment on November 25, 2013. *Davis v. Valdez* at D.E. 60, 62, 63. On January 9, 2014, Plaintiff filed a Notice of Appeal and a Motion for Leave to File Appeal Out of Time. *Davis v. Valdez* at D.E. 65. The magistrate judge recommended that Plaintiff be granted leave to file his appeal out of time as well as proceed *in forma pauperis* on appeal, and the district court accepted the recommendations. *Davis v. Valdez* at D.E. 67, 71, 72, 79. The appellate briefing has been completed and the Fifth circuit has received the Record on Appeal in Case No. 14-10040.

The parties are simply waiting for a ruling from the Fifth Circuit. Plaintiff suffered no prejudice in that action.

In *Davis v. Stephens,* Plaintiff challenged a disciplinary conviction that he received while confined at the Ellis Unit. *See Davis v. Stephens,* No. 3:14-cv-02138-B-BF (N.D. Tex. filed June 2, 2014)(D.E. 1). He filed his petition on June 2, 2014, and Respondent filed his answer on August 20, 2014. *Davis v. Stephens*, No. 3:14-cv-02138-B-BFat D.E. 18. Magistrate Judge Stickney recommended that Plaintiff's habeas corpus petition be denied, and Plaintiff filed objections to the recommendation. *Davis v. Stephens*, No. 3:14-cv-02138-B-BF at D.E. 22, 23. Judge Boyle accepted the recommendation and denied Davis' petition for writ of habeas corpus. *Davis v. Stephens,* No. 3:14-cv-02138-B-BF at D.E. 24, 25.

Plaintiff has not been prejudiced in either of these pending actions. To the contrary, in each action he moved for, and was granted, an extension of time to argue his case. He therefore fails to state a cognizable First Amendment claim for denial of access to the courts. Thus, it is respectfully recommended that Plaintiff's claims for denial of access to the courts be dismissed with prejudice.

    **C.    Denial of grievances.**

Plaintiff has named each Defendant, except Ms. Moore, as complicit in violating his First Amendment rights because they reviewed and denied, or affirmed the denial of his grievances against her. This allegation fails to state a cognizable constitutional violation however, as inmates have no constitutional right to have their grievances investigated, let alone resolved in their favor. *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (prisoners

do not have a federally protected liberty interest in having grievances investigated or resolved). Moreover, a review of the twenty-four grievances submitted by Plaintiff for review establish that his grievances were in fact reviewed and investigated by prison authorities. (*See over 100 pages of exhibits attached to Plaintiff's original complaint)*. Thus, to the extent Plaintiff is suing Defendants for failing to investigate or denying his grievances, these claims are rightfully dismissed with prejudice for failure to state a claim and/or as frivolous.

### D.     Eighth Amendment Conditions of Confinement.

Plaintiff complains in his grievances, I-60s, and correspondence of staff shortages on the MCU that resulted in ad. seg. inmates being denied recreation, showers, and hot meals.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement. First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson*, 503 U.S. at 8. The challenged condition must be "extreme." *Id.* at 9.

While an inmate "need not await a tragic event before seeking relief," *Helling v. McKinney*, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. *Id.* at 35. Moreover,

> The Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today=s society chooses to tolerate.

*Id.* at 36. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Second, the prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8. The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm would result." *Farmer*, 511 U.S. at 835. In defining the deliberate indifference standard, the *Farmer* Court stated:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted."

*Id.* at 844.

Plaintiff has failed to allege, let alone offer any evidence except his conclusory allegations, that any of the conditions of which he complains constitutes an excessive risk to his health and safety. Plaintiff complains of limited exercise opportunities due to staff shortages. Claims alleging a denial of adequate exercise or recreation are reviewed under the totality of the circumstances to determine whether lack of exercise leads to an impairment of health. *King v. Howard*, 58 F.3d 636, *2 (5th Cir. 1995). Here, Plaintiff's complaints about lack of recreation in ad. seg. were investigated each time. (D.E. 1, pp. 31-32; DE. 1-2, pp. 4-7; D.E. 1-2, pp. 8-11; D.E. 1-2, pp. 12-15; D.E. 1-2, pp. 16-19; D.E. 1-2, pp. 20-23; D.E. 1-2, pp. 24-27). Officials acknowledged that the MCU does have a staff shortage problem, and the Administration made the decision to provide showers over recreation. Plaintiff did not submit a SCR claiming that lack of recreation posed a risk to his mental health until March of this year. In response to that SCR, he was evaluated by the Medical Department and found to be suffering no physical ailment. (D.E. 1-3, p. 13). He admitted that he can exercise in his cell, and he was offered counseling to help cope with the solitude of ad. seg. There is no evidence to suggest that he filed repeated SCRs about lack of exercise that were ignored or that he sustained any physical injury from not receiving recreation every day. He fails to establish that Defendants knew of a serious risk to his health and safety and then deliberately ignored that risk, causing him more than a *de minimis* injury.

Plaintiff contends that he is not receiving his prescribed DFH. His grievances suggest that, when the unit is on lockdown, the inmates get johnny sacks and inmates with

special diets are overlooked and do not get their DFH. However, the Constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health. *See Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986). The constitutionality of prison food simply is not measured by its variety and gastronomic appeal. *See e.g. Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir. 1981) (diet consisting "mainly of starch and carbohydrates with few vegetables and fruits," while "likely dull," is not constitutionally inadequate), overruled on other grounds, *International Woodworkers of America v. Champion International Corp.,* 790 F.2d 1174 (5th Cir. 1986). Here, Plaintiff complains of repeated oversights with his receiving his DFH. However, Plaintiff does not suggest that he lost weight or suffered any adverse physical episode such as low blood sugar or headaches as a result of these mistakes with his meal. He has no evidence to establish that the nutritional value of the food provided was inadequate, nor did he submit a grievance complaining about his health due to diet deficiencies. As such, Plaintiff's claim that he did not receive his DFH on certain occasions does not rise to the level of an Eighth Amendment violation, and these claims can be dismissed for failure to state constitutional violations.

## V.     RECOMMENDATION.

Plaintiffs' allegations, taken as true and in the light most favorable to him, fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Thus, it is respectfully recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1). It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that notice of this dismissal be forwarded to the District Clerk for

the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 17th day of August, 2015.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).